Green, J.
delivered the opinion of the court.
This bill is brought by the complainants, persons of color, to recover their freedom, against David McGill *617 and John McCreary, executors of the last will of James McGill, deceased; and, also, executors of the last will of Nancy McGill, deceased.
The complainants claim their freedom under provisions in the wills of the said James and Nancy McGill. James McGill, to whom the complainants formerly belonged as slaves, died in 1833. In his will is the following bequest: “ I will and bequeath to my wife, Nancy McGill, all the property I possess, during her natural life, or widowhood; at her death, or marriage, I will that all my negroes, with their posterity, belonging to my estate, be sent to the colony in. Africa. I also leave it to the pleasure of my wife to send a part or all of them, before her death, if she think proper and they are willing; if they are not willing at any period, she can dispose of them as she may think best.”
The defendants, David McGill and John McCreary, were appointed in said will, executors, and qualified as such.
None of the negroes were sent to Africa during the life time of the widow, but were retained in her service until her death, which happened in 1840. Before her death, the said Nancy McGill, made and published her will, in which is the following clause: “ Eighthly, I will and bequeath that my black people be free from me, my heirs and estate forever.” Then follow several legacies to some of the complainants.
The testatrix, Nancy McGill, appointed the same executors that were executors of her husband’s will.
The executors have taken no steps to emancipate the complainants by application to the County Court or otherwise, but the said David McGill claims the complainants, as his slaves. He insists that the said slaves were unwilling to go to the colony in Africa, during the life *618 time of said Nancy; and that the will of James McGill, upon that contingency devised them to, Nancy McGill, to dispose of as she might think best; that this provision of the will, gave Nancy McGill a life estate only, in the slaves; that the devise of freedom in her will, is therefore void, and the negroes belong to the distributees of James McGill. He states that at the earnest solicitation of the complainants, he has purchased them for the price of fifteen hundred dollars, from the other dis-tributees, and that they are his slaves. The defendant proved by his son, John McGill, that the complainants had refused to go to Africa, and that they had requested his father to purchase them. The Chancellor decreed that the complainants were entitled to their freedom, on entering into bond with security to leave the State; from which decree David McGill appealed to this court.
We think there is no , error in this case. The complainants are entitled to their freedom, under either of these wills. If it were conceded that the unwillingness of the complainants to go to Africa during the life time of Nancy McGill, was made, by James McGill’s will, a condition upon which they were to remain slaves, still the existence of that unwillingness is not shown. It does not appear that Nancy McGill ever proposed to send them, or any of them, to Africa. They were given to her for life, with the privilege of sending them, or any portion of them, to Africa, during her life, if they were willing. Had the negroes been willing to go to Africa, Nancy McGill was not bound, by the will, to send them; but she might, at her election, retain them for life. This she did; and the devise of freedom, at her death, is unaffected by the condition, subsequently inserted, which was discretionary with her, and which *619 was never acted on. But, in an affair involving the right to liberty, the character of this proof is wholly insufficient to establish the unwillingness of these slaves to go to Africa. If Nancy McGill had desired to make them slaves, so as to vest in herself an absolute right to them, it would have been incumbent on her, in some solemn and public manner, to explain to them their rights, and to let them understand distinctly that on their decision depended their freedom, or slavery. It is not pretended that any thing like this was done; but at most, there were only casual conversations in the family, in which some of the complainants expressed their unwillingness to go to Africa. • '
To hold that such conversations, so proved, should be their solemn decision to remain slaves, rather than be free, would outrage every principle of justice.
2nd. But if the unwillingness of the complainants to go to Africa, during the life of Nancy McGill, fixed their condition as slaves, the consequence was, that they became the slaves of Nancy McGill. For, in that contingency, she was authorised to dispose of them as she might think best. Here is an unlimited power of disposition given, which is inconsistent with the previous limitation for life, and by which the entire estate is vested in her. Being thus the owner of the complainants, she emancipated them by her will, which her executor failing to execute, by applying to the County Court under the statute, the court of chancery had jurisdiction to declare them free.
Let the decree be affirmed.